Reese J.
delivered the opinion of the court.
The demurrer and the motion in arrest of judgment for the' reasons filed in the circuit court, raise two questions, which have been very fully discussed.
1st. Does the declaration state a consideration sufficient in law to sustain the collateral undertaking therein set forth? and 2nd. can an action in the form of that which has been brought,' an action of debt, be maintained upon a promise to pay contingently, the debt of another, upon such a collateral undertaking-of guaranty, as that which is stated in the declarations. As to’ the first question it is enough, perhaps, to mention briefly, that tve deem the consideration sufficient, and so stated, particuly in the second count, as to give effect and obligation to the undertaking in the declaration described. But 2nd. We think that the written undertaking in the declaration described is not such as will maintain the action in the form in which it has been brought. This has been established by numerous authorities-in England. See the cases cited at the bar. 1 Saunders Rep. 211, (note 2.) 1 Salk Rep. 23, 1 Burrow 373: 2 Wil. Rep. 141: 1 Bacons Abr. 141: 1 Chitty Plead. 116, 129. Comyn Dig. debt B. Fell on Guaranties 188. In that country, the position is not questioned, that neither debt nor indeb-itatus assumpsit will lie against a guarantor upon his collateral undertaking to pay the debt of another, but a special action of assumpsit is the proper remedy. However little may be said as to the grounds or reasons of this doctrine, the doctrine itself is universally admitted and maintained. It is from the courts of that country as the founders and expounders of the common law, that wo have adopted all the forms of our actions, *441 and the distinctions which govern them, and however arbitrary and artificial may be these forms and distinctions, it is a wise policy to adhere to and preserve them. If this be not done, much uncertainty and confusion must necessarily arise. That debt will not lie in the case before us, is alike shown by American authorities. In 5 Dane’s Abr. it is said that debt will not lie on any collateral undertaking, for he that so undertakes is not debtor or indebted, though he may have promised to do, or perform some action, he has engaged, but does ndt owe á debt. Set this question, it is urged, has been in effect determined by the case of Bailey v. Hazzard, 3 Yerg. 487. That was an action of debt, brought upon the following assignment. “I assign the within to W. W. B. and bind myself to stand good until paid, for value received of him,” this ivas signed by Hazzard who affixed his seal to his signaturé. The action was brought in the county court, and a demurrer was filed to the declaration, which was overruled and judgment given for plaintiff. Defendant appealed but gave no bond till after the court had adjourned. In the circuit court there were pleas, that no demand was made and no notice given, which were demurred to. Upon this state of the case, this court briefly remarks, “that the county court was not authorised to grant the appeal in this case, without first taking bond and security as required by the act of 1811. c. 72, §11.” The court adds, “we are also of opinion that the law is for the plaintiff below upon the pleadings. The demurrer to the pleas should have been sustained.” Whether the court considered of the point, now under discussion, we know ndt.-We are not disposed to question the authority of the case, as resting upon its oWri circumstances. But we should carry it too far, if we permitted it to determine the question now before us. That case, may perhaps, have been correctly decided upon the peculiar terms used in the written undertaking endorsed upon the note. We do not here assume' to determine whether in that case, debt or covenant should have been the' form of action. But we are satisfied, that it should not be held to decide that in the ordinary case of endorser and endor-see, or in other cases of collateral undertakings, debt can be maintained. Judgment affirmed.